Taylor, C. J.
delivered the opinion of the Court.
If the complainant could have made any defence to the suit brought on the note, it was strictly of a legal nature, which he had an opportunity of shewing upon trial. If injustice had been done to him on that occasion, his remedy was still in a Court of Law, by applying for an appeal or certiorari. The circumstance of his not having availed himself of these remedies, will not give this Court a jurisdiction, which it did not before possess. There ought to be some period to litigation ; and where could it be more properly terminated than the principle of law has already directed ? That where *535 a man’s claims have been decided on, by a Court of competent jurisdiction, or where the opportunity was afforded him of having them decided on, he shall no longer be at liberty to harrasshis adversary. This Court cannot relieve against a verdict at law for being contrary to equity, unless the plaintiff knew the fact to be different from what, the Jury have found it, and the defendant was ignorant of it at the time of trial; as where the plaintiff sued for a debt, and the defendant after verdict discovers a receipt for the demand, 3 Atkyns 224, or where effectual cognizance cannot be taken at law, as in complicated accounts, or where a verdict is obtained by fraud ; and not where the party omitted to avail himself of his legal defence. 1 Sckoale and Lefroy 205.
On this principle alone the bill ought to be dismissed; but even if the defendant had made his defence at law the event must have been equally unfavorable to him, because he could not have been allowed to prove by parol that the contract was different from the purport of the note. It is not alleged in the bill, that the condition on which the price of the horse was to be remitted, was suppressed by fraud, or omitted through mistake. The simple charge is, that the parties both agreed not to insert the condition, in the note but trust it to the memory of witnesses.